The State relied upon circumstantial evidence to prove defendant was guilty of the criminal offenses charged in said first and second counts. We have examined the evidence carefully in the light of the rule stated in *S. v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431, and subsequent cases in accord therewith. The conclusion reached is that the evidence, when considered in the light most favorable to the State, *S. v. Orr*, 260 N.C. 177, 179, 132 S.E. 2d 334, was sufficient to require submission to the jury and to support the verdict. Hence, defendant's said motion for judgment as in case of nonsuit was properly overruled.

Consideration of all other assignments of error brought forward in substantial compliance with our rules, Rules of Practice in the Supreme Court, 254 N.C. 783, fails to disclose error of such prejudicial nature as to justify a new trial.

No error.

## STATE v. WALTER WEAVER.

### (Filed 14 January, 1966.)

APPEAL by defendant from *Braswell, J.*, June 1965 Criminal Session of ALAMANCE.

Defendant was tried and convicted in the Municipal Recorder's Court of the City of Burlington, North Carolina, on 12 May 1965, upon a warrant charging him with an assault upon his wife. From the judgment imposed the defendant appealed to the Superior Court of Alamance County where he was tried *de novo* on the original warrant.

When this case was called for trial in the Superior Court the defendant was not represented by counsel. The court advised him of his right to counsel. The defendant waived his right to counsel and requested that the case be continued for business reasons. The motion was denied. The defendant then requested the solicitor to let the assistant solicitor represent the State at his trial. The court, with the approval of the solicitor, allowed this motion.

The State and the defendant offered evidence. However, the defendant did not take the stand. The jury returned a verdict of "guilty of an assault on a female as charged in the warrant."

After the jury returned its verdict but prior to the imposition of judgment by the court, the defendant was represented by counsel who requested the court to impose a suspended sentence. The

court, however, imposed an active prison sentence on the defendant, from which he appeals, assigning error.

*Attorney General Bruton, Deputy Attorney General Harrison Lewis, Trial Attorney Millard R. Rich, Jr., for the State.*
*Paul H. Ridge for defendant.*

PER CURIAM. A careful review of the exceptions and assignments of error set out in the record, leads us to the conclusion that no prejudicial error has been shown that would justify a new trial. No error.

STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION v. NELLO L. TEER COMPANY.

(Filed 4 February, 1966.)

**1. Utilities Commission § 7—**

A shipper complaining of unjust discrimination in rates has the burden of proving the facts essential to its right to relief. G.S. 62-75.

**2. Utilities Commission § 9—**

Rates of the Utilities Commission are *prima facie* just and reasonable and will be upheld on appeal when a review of the whole record fails to disclose prejudicial error and the order of the Commission is supported by findings supported by competent evidence. G.S. 62-94(c)(e), G.S. 62-132.

**3. Utilities Commission § 6—**

The statutory requirement that the Utilities Commission prevent discrimination in rates and services does not require an equality of rates where shipments are from different points of origin to the same destinations, even though the distances be equal or approximately so, since the Commission must take into consideration in addition to distance other factors which furnish a distinction between customers, such as quantity, time, manner of service, cost of service, and competition from other forms of transportation.

**4. Same; Carriers § 5— Evidence held to support conclusion that differentiation in rates was not unreasonable.**

Complainant objected that it was charged a "joint-line" rate for shipments from its plant to market destinations over a connecting carrier, while its competitor, shipping from a point approximately equidistant to the same destinations, was charged the lesser "single-line" rate, notwithstanding the shipment had to be handled by two carriers. The evidence